Filing # 56628559 E-Filed 05/18/2017 02:39:14 PM

IN THE CIRCUIT COURT
FOR THE NINTH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

MARY CAPRINO TEDESCHI,            CASE NO.:

    Plaintiff,

vs.

DEWEY'S SPORTS, INC., A
FLORIDA CORPORATION, AND
DUANE TOMKO, INDIVIDUALLY,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARY CAPRINO TEDESCHI, by and through the undersigned attorney, sues the Defendants, DEWEY'S SPORTS, INC., a Florida Corporation, and DUANE TOMKO, Individually, (collectively "Dewey's") and alleges:

1. Plaintiff was an employee of Dewey's and brings this action for unpaid overtime compensation, unpaid minimum wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") and Article X, Section 24 of the Florida Constitution.

2. This is an action for damages more than $15,000.00, excluding attorney's fees and costs.

1

3. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Dewey's in Orange County, Florida at their Dewey's Indoor Golf location on International Drive.

4. The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Orange County, Florida.

5. Defendant, DEWEY'S SPORTS, INC., is a Florida Corporation that operates and conducts business in Orange County, Florida and is therefore, within the jurisdiction of this Court.

6. At all times relevant to this action, DUANE TOMKO was a resident of the State of Florida who owned and operated DEWEY'S SPORTS, INC., and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of DEWEY'S SPORTS, INC. By virtue of having regularly exercised that authority on behalf of DEWEY'S SPORTS, INC., DUANE TOMKO is an employer as defined by 29 U.S.C. § 201, et seq.

7. This action is brought under the FLSA and the Florida Constitution to recover from Dewey's overtime compensation, minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

8. This Court has jurisdiction over Plaintiff's claims pursuant to the FLSA and Florida law.

9. During Plaintiff's employment with Defendant, DEWEY'S SPORTS,

2

INC., Defendant, DEWEY'S SPORTS, INC., earned more than $500,000.00 per year in gross sales.

10. During Plaintiff's employment with Defendant, DEWEY'S SPORTS, INC., Defendant, DEWEY'S SPORTS, INC., employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

11. Included in such goods, materials and supplies were food and drink supplies, restaurant and golf equipment and supplies, as well as other goods and materials which originated from outside the state of Florida

12. Therefore, Defendant, DEWEY'S SPORTS, INC., is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s) and incorporated into the Florida Constitution.

## FLORIDA LAW AND FLSA VIOLATIONS

13. At all times relevant to this action, Dewey's failed to comply with Florida law and the FLSA by failing to pay Plaintiff any compensation whatsoever for her work performed.

14. Starting in or around August 2016, Plaintiff began working at Dewey's Indoor Golf performing management duties.

15. Plaintiff assisted with the day-to-day operation of Dewey's; helped with events; performed social media duties such as Facebook marketing and e-mail blasts; helped with training; and helped with menus.

16. Even though Plaintiff performed work for Dewey's for months, including

3

working overtime hours on an almost weekly basis, Dewey's never paid her any direct wages for her work performed except for one event.

17. Dewey's has violated Florida law and the FLSA by their failure to pay any wages to Plaintiff for the work performed by her for months on behalf of Dewey's.

18. All conditions precedent to the filing of this action have been performed or waived.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

19. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-18 above.

20. Plaintiff was entitled to be paid overtime compensation during her employment with Dewey's.

21. During her employment, Plaintiff routinely worked overtime hours but was not paid any compensation by Dewey's for such overtime hours.

22. Dewey's did not have a good faith basis for their failure to pay overtime compensation to Plaintiff.

23. As a result of Dewey's intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

24. As a result of Dewey's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

25. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, MARY CAPRINO TEDESCHI, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES (FLSA)

26. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-18 above.

27. Plaintiff was entitled to be paid the minimum wage for each and every hour she worked for Dewey's.

28. During her employment with Dewey's, Plaintiff was not paid any direct wage for her work performed except for one time she was paid for one event she worked.

29. Dewey's does not have a good faith basis for their failure to pay Plaintiff the appropriate minimum wage for all hours worked for the vast majority of her hours worked.

30. As a result of Dewey's intentional, willful and unlawful acts in refusing to pay Plaintiff the applicable minimum wage, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

31. As a result of Dewey's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

32. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, MARY CAPRINO TEDESCHI, demands judgment against Defendants for unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III - RECOVERY OF MINIMUM WAGES (FLORIDA CONSTITUTION)

33. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-18 above.

34. Plaintiff was entitled to be paid the minimum wage for each and every hour she worked for Dewey's.

35. During her employment with Dewey's, Plaintiff was not paid any direct wage for her work performed except for one time she was paid for one event she worked.

36. Dewey's does not have a good faith basis for their failure to pay Plaintiff the appropriate minimum wage for all hours worked for the vast majority of her hours worked.

37. As a result of Dewey's intentional, willful and unlawful acts in refusing to pay Plaintiff the applicable minimum wage, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

38. As a result of Dewey's willful violation of the Florida Constitution, Plaintiff is entitled to liquidated damages.

39. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, MARY CAPRINO TEDESCHI, demands judgment against Defendants for unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 18th day of May, 2017.

/s/ C. Ryan Morgan
C. Ryan Morgan, Esq.
FBN 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Primary Email: RMorgan@forthepeople.com
Secondary Email: iortiz@forthepeople.com
*Attorneys for Plaintiff*

7