UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARY CAPRINO TEDESCHI,

     Plaintiff,

v.                             CASE NO. 6:17-CV-01157-GAP-KRS

DEWEY'S SPORTS, INC., a
Florida corporation, and
DUANE TOMKO, individually,

     Defendants.
_____/

**JOINT MOTION AND STIPULATION FOR APPROVAL OF SETTLEMENT AND
DISMISSAL WITH PREJUDICE AND SUPPORTING MEMORANDUM OF LAW**

     Plaintiff, MARY CAPRINO TEDESCHI ("Tedeschi" or the "Plaintiff"), and Defendants, DEWEY'S SPORTS, INC. and DUANE TOMKO (collectively the "Defendants"), by and through their undersigned counsel, move for the entry of an order approving the Settlement Agreement and Release of Claims, which is attached as Exhibit "A," and for the entry of an order dismissing the FLSA claims, with prejudice.  In support thereof, the Parties state as follows:

     1.     This action was initiated in the United States District Court, Middle District Court of Florida, Orlando Division on June 22, 2017 when Plaintiff's Complaint against Defendants alleging unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), was removed from state court to this Court.  Doc. 2.

     2.     Defendants filed their Answer and Affirmative Defenses to the Complaint on June 29, 2017, denying Plaintiff's claims and asserting numerous affirmative defenses,

including, without limitation, that Plaintiff had no entitlement to the damages sought as Defendants contend she was never an employee.  Doc. 6.

3.      In order to avoid the uncertainties of litigation and the attorneys' fees associated with this type of action, the Parties have resolved the action in its entirety.  However, since the settlement of claims under the FLSA requires approval of the Court, the parties are submitting the Agreement regarding the FLSA claims to this Court for approval.  Bonetti v. Embarq Management Co., 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009); Lynn's Food Stores, Inc. v. U.S., 679 F. 2d 1350 (11th Cir. 1982).  Throughout the entirety of the resolution process, both Parties were represented by competent counsel with experience in this area of law.

4.      The Parties have agreed to a settlement amount and Plaintiff has reasonably departed from her originally estimated damages for reasons cited herein.

5.      The Parties agree this is a fair and reasonable settlement of a bona fide dispute.

6.      The Settlement Agreement is attached hereto as Exhibit "A", and the Parties have agreed that the terms reflected in the FLSA Settlement Agreement are a mutually satisfactory compromise to resolve this dispute and that the consideration for the agreement satisfies Plaintiff's indebtedness for attorneys' fees and costs.

## MEMORANDUM OF LAW

### A.      The Standard of Review

Section 16(b) of the FLSA (29 U.S.C. § 216(c)) permits employees to settle and release FLSA claims against an employer if the parties present the trial court a proposed settlement and the trial court enters an order approving the fairness of the settlement.  Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982); see also Schulte, Inc. v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 Ld.Ed. 1114 (1946).  Before

approving a FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." Lynn's Food, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Lynn's Food, 679 F.2d at 1354.

### B.    All Relevant Factors Support Approving the Proposed Settlement

In determining whether the settlement is fair and reasonable, the Court considers the following factors:

1.    The existence of fraud or collusion behind the settlement;

2.    The complexity, expense, and likely duration of the litigation;

3.    The stage of the proceedings and the amount of discovery completed;

4.    The probability of plaintiff's success on the merits;

5.    The range of possible recovery; and

6.    The opinions of the counsel.

See Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007); see also Hill v. Florida Industrial Elec., Inc., No. 6:06-cv-915-Orl-31JGG, 2007 U.S. Dist. LEXIS 9498, at *6 (M.D. Fla. Feb. 9, 2007); Pacheco v. JHM Enterprises, Inc., et al., No. 6:05-cv-1247-Orl-JGG, at *4 (M.D. Fla. Apr. 12, 2006).

In reviewing such factors, there is a strong presumption in favor of finding a settlement fair. Hamilton, 2007 U.S. Dist. LEXIS at * 2-3; see also Cotton v. Hinton. 559 F.2d 1326, 1331 (5th Cir. 1977). All such factors support approving settlement in this case.

### 1.     There Is No Fraud in this Case

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seems fair.  See Helms v. Central Fla. Reg. Hosp., No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006).   Here, each party is independently represented by counsel.   Plaintiff is represented by Attorney C. Ryan Morgan of Morgan & Morgan, P.A. and Defendants are represented by Paul J. Scheck of Shutts & Bowen LLP.   Both counsel involved have extensive experience in litigating FLSA claims.

### 2.     The Complexity, Expense, and Length of Litigation Support Early Resolution

The complexity, expense, and length of litigation heavily weigh in favor of early settlement in this case.   The cost of protracted litigation, which would be required for the Parties to pursue their claims and defenses and obtain a final judgment on the merits, would be exceedingly high, and likely would exceed Plaintiff's alleged damages in this action. The proposed settlement minimizes such costs, preserving the Parties' and the Court's time and resources.

### 3.     The Parties Have Sufficiently Investigated this Case Prior to Engaging in Settlement Discussions

There has been sufficient investigation, discovery and exchange of information to allow the Parties to undertake a fair and reasonable settlement.   The Parties have exchanged documents, including without limitation, information regarding payroll records, time records, compensation paid and correspondence between the Parties.

### 4.     Probability of Success on the Merits Is in Dispute

The Parties vigorously dispute the merits of Plaintiff's claims – making protracted litigation inevitable if the proposed settlement is not approved.   In particular, Defendants

dispute that Plaintiff was at any time an employee, and thus contend that she is not entitled to any wage payments under the FLSA.  Based on the foregoing, Plaintiff's probability of success on the merits, and the uncertainty that she would be awarded any amount or what such amount would be, further support the proposed compromise and show that this settlement is fair and appropriate.

### 5.   The Range of Possible Recovery Supports Approving Settlement

The proposed settlement includes payments of:

(a) $5,621.16 for unpaid wages, less applicable taxes and withholdings; and

(b) $5,621.16 for liquidated damages.

In recovering the above amount for unpaid wages and liquidated damages, the Plaintiff will be receiving approximately 85% of the total claimed damages from her Answers to Court Interrogatories. *See* D.E. 11-1.  This substantial recovery supports approval of this Motion while also taking into account Defendants' potential defenses.   The Parties have also separately negotiated and agreed to settle Plaintiff's attorneys' fees and costs in the amount of $4,757.68, and without regard to the amount to be paid to Plaintiff.

### 6.   Counsel for Both Parties Agree the Proposed Settlement Represents a Fair Resolution

Given the facts and circumstances of this case, counsel for both Parties concur that the proposed settlement is a fair and reasonable compromise of Plaintiff's claims.

### C.   The Proposed Attorneys' Fees Are Fair

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. See Helms, at *6-7; Strong v. BellSouth Telecomms., Inc., 137 F.3d 844, 849-50 (5th Cir. 1998).  Provided "the plaintiff's attorneys' fee is agreed upon separately and without regard to the amount paid to the

plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of the fees paid to his attorney, the Court [should] approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." <u>Bonetti</u>, 2009 WL 2371407 at 3-4.

In this case, the attorneys' fees to be paid as part of the resolution of Plaintiff's claims were agreed upon by the Parties separately and without regard to the amount paid to Plaintiff. Accordingly, because the settlement is reasonable on its face and Plaintiff's recovery was not adversely affected by the amount of the fees paid to his attorney, the Court should approve the settlement.

**WHEREFORE**, the Parties respectfully request that this Court approve the proposed settlement and dismiss the FLSA claims with prejudice.

**MORGAN & MORGAN, P.A.**                    **SHUTTS & BOWEN LLP**

By: */s/ C. Ryan Morgan*                         */s/ Paul J. Scheck*
C. RYAN MORGAN, ESQ.                         *PAUL J. SCHECK,* ESQ.
Florida Bar No.: 0015557                          Florida Bar No. 028487
RMorgan@forthepeople.com                    pscheck@shutts.com
20 N. Orange Avenue, 14th Floor               300 South Orange Avenue, Suite 1600
Orlando, Florida 32801                            Orlando, Florida 32801-5403
Telephone: (407) 420-1414                       Telephone: (407) 423-3200
Facsimile: (407) 245-3401                        Facsimile: (407) 425-8316
*Attorneys for Plaintiff*                          *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 3, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the parties.

*/s/ Paul J. Scheck*_____
Counsel

ORLDOCS 16068822 3